# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2013

No. 12-60607
Summary Calendar

Lyle W. Cayce
Clerk

XIAOJING WU,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 792 610

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Xiaojing Wu, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from the immigration judge's (IJ) order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She contends: the IJ's and BIA's adverse credibility determinations are invalid; the IJ violated her due-process rights by failing to act as a neutral arbiter, given his expressions of impatience and hostility; and,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

she has established a well-founded fear of future persecution, if she is returned to China, on the basis of her sincerely held Roman Catholic faith.

An IJ's credibility determination is reviewed under a highly deferential standard, and must be upheld "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling". *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (citation and quotation marks omitted). The IJ "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible". *Id.* (citation and internal quotation marks omitted) (emphasis in original).

Wu asserts that the IJ improperly considered discrepancies based on the information obtained at the time of her illegal-entry detention by Border Patrol Agents during her original I-213 sworn interview, despite her subsequent testimony indicating that the interview and supporting documentation were of questionable validity. The IJ's adverse credibility determination is supported by, *inter alia*, inconsistencies among Wu's asylum application and supporting statement, the purportedly corroborating letter from Wu's mother, and Wu's testimony at the merits hearings. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (asylum applicant's credibility may be determined by, *inter alia*, consistency between applicant's written and oral statements).

The crux of Wu's claims was that she had a well-founded fear of future persecution or torture based on her religious practices and intended participation in future Catholic services. Along that line, she provided inconsistent statements regarding the number of beatings she had suffered and her church attendance following an October 2007 confrontation with police; and, her mother's letter reflected that her mother was present during the October 2007 altercation, but Wu testified she was home alone at the time. Wu's explanations for the inconsistencies do not compel the conclusion that no

reasonable trier of fact could have found her not credible. *See Wang*, 569 F.3d at 538.

Wu contends the IJ failed to act as a neutral arbiter, based on numerous examples of claimed hostile, impatient, and intimidating comments during seven evidentiary hearings. Because she did not raise the majority of these claims before the BIA, she failed to exhaust her administrative remedies as to them; and, as a result, we lack jurisdiction to review them. *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009). To the extent Wu preserved, in the BIA, a challenge to the IJ's comments, they do not reflect a level of antagonism that would make fair judgment impossible. *See Wang*, 569 F.3d at 540-41, citing *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial remarks during the course of a [proceeding] that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or impartiality challenge"). Accordingly, Wu fails to establish a due-process violation.

In the light of the adverse credibility ruling and Wu's failure to establish bias, the IJ and BIA had bases to deny Wu's requests for asylum, withholding of removal, or CAT relief. *Cf. Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994) ("Without credible evidence, the BIA had no basis upon which to grant asylum or withhold deportation.").

DENIED.